FRANK J. TAYLOR, Commissioner of Public Welfare of the City of New York, on Complaint of ESTELLE HOROWITZ, Respondent, v. WILLIAM DIAMOND, Appellant. — Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.

WIDDER DYE & CHEMICAL CO., INC., and SAMUEL WEISS, Appellants, v. UNITED STATES MARKING TAG CO., INC., and Another, Defendants; JOSEPH A. PERLSTEIN, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.

JOHN AQUINO, INC., Respondent, v. LUIGI BOSCA & FIGLIA and Another, Defendants, Impleaded with PETER S. GOGGI and PIO M. GOGGI, Doing Business under the Firm Name and Style of GOGGI BROS., Appellants.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and plaintiff's motion for a temporary injunction denied, on the ground that the plaintiff has failed to show facts establishing a clear right to a temporary injunction, and that the issue as to which of the two parties is the exclusive agent for the sale of " Bosca " wine in this country should be determined on the trial. The defendants are apparently financially responsible for any damages the plaintiff may be able to establish for the period pending the trial; and if the plaintiff should not succeed in its action the business of the defendants would be irreparably damaged by an injunction restraining them from doing business during the period before a trial can be had. The plaintiff may renew the motion if it can be made to appear that the defendants are not financially responsible or that by any acts on their part they are unduly delaying the trial of the action. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.

CHARLES ARONSON, Respondent, v. ABRAHAM KUTTNER, Appellant, and Others, Defendants.— Order modified so as to provide that the motion of the plaintiff for summary judgment be denied, and as so modified affirmed, with ten dollars costs and disbursements to appellant. In our opinion there are issues to be tried and equities to be adjusted between the parties. (See sections 1083-a and 1083-b of the Civil Practice Act, added by chapter 794 of the Laws of 1933.) Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.

J. & T. COUSINS COMPANY, Respondent, v. SHOE AND LEATHER WORKERS INDUSTRIAL UNION OF NEW YORK, Appellant, and Others, Defendants.— Order granting motion to strike out the first separate defense in appellant's answer affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur. [150 Misc. 575.]

WALTER DIAMOND, Doing Business as DIAMOND METAL COMPANY, Respondent, v. GENERAL ELECTRIC COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Young, Carswell, Scudder, Tompkins and Davis, JJ.

In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title, etc., for the Purpose of Opening and Extending Linden Boulevard (Deehan Avenue, Lorraine Avenue and Hegeman Avenue), from Remsen Avenue to South Conduit Avenue, as Now Laid Out upon the Map or Plan of the City of New York, Subject to the Rights, if Any, of the Long Island Railroad Company, Excluding Property Occupied by the Interborough Rapid Transit Company between Elton Street and Linwood Street and Excluding Property Occupied by the New York Rapid Transit Corporation in Van Sinderen Avenue; and for the

Acquisition of Title to the Real Property Required for the Public Place, Bounded by Linden Boulevard, Linden Avenue and East Ninety-first Street; the Public Place, Bounded by Linden Boulevard, Church Avenue and East Ninety-second Street; the Public Place, Bounded by Linden Boulevard, Church Avenue and East Ninety-fourth Street, and the Public Place, Bounded by Linden Boulevard, Eighty-third Street and South Conduit Avenue, Boroughs of Brooklyn and Queens, City of New York. BUTLER MELLET REALTY COMPANY, Appellant; THE CITY OF NEW YORK and C. E. & J. S. Co., INC., Respondents.— Decree, in so far as it affects damage parcels Nos. 294, 296, 1200, 1201 and 1207, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ.

In the Matter of the Application of GARDEN ESTATES, INC., and CITY HOUSING CORPORATION, Appellants, for a Certiorari Order against HARRIS H. MURDOCK and Others, Constituting the Board of Standards and Appeals of the City of New York, Respondents, and ESSANARR GARAGE CORPORATION, Intervenor, Respondent.— Order confirming the determination of the board of standards and appeals and dismissing the order of certiorari reversed on the law and the facts, with costs, certiorari order sustained and the determination of the board of standards and appeals annulled on the merits. The record is barren of facts, pertinent and material, to sustain the grounds of the decision appealed from, and the return fails to show any facts from which the inference of hardship may be drawn. (*People ex rel. Fordham M. R. Church* v. *Walsh,* 244 N. Y. 280.) Lazansky, P. J., Hagarty and Scudder, JJ., concur; Carswell, J., dissents and votes to affirm, with the following memorandum: The matter is one which rests in the discretion of the board. A sufficient though somewhat imperfectly evidenced basis for its action appears in the record. A court should not substitute its discretion for that of the body to whom the statute intrusts the exercise of discretion. Kapper, J., not voting.

In the Matter of the Final Judicial Settlement of the Account of JAMES C. CRANE, Administrator of MARY ELLEN MURRAY, Deceased. JAMES C. CRANE, Appellant; WILLIAM RICHMAN and JOHN J. BENNETT, JR., Respondent. (Appeal No. 1.) — Appeal from order of the Surrogate's Court of Richmond county denying motion for a final judicial settlement of the account discontinued, without costs. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur. [151 Misc. 7.]

In the Matter of the Final Judicial Settlement of the Account of JAMES C. CRANE, Administrator of MAURICE MURRAY, Deceased. JAMES C. CRANE, as Public Administrator of Richmond County and as Administrator, etc., of MAURICE MURRAY, Deceased, Appellant; WILLIAM RICHMAN, as Special Guardian for All Unknown Next of Kin Who Were of Unsound Mind and Minors, and THE PEOPLE OF THE STATE OF NEW YORK, Respondents. (Appeal No. 2.) — Decree of the Surrogate's Court of Richmond county, in so far as appealed from, unanimously affirmed, with costs payable by appellant personally. The determination of the amount of fees properly paid to the attorney for the public administrator for legal services in preparing the petition for letters, etc., and in the preparation of the account, etc., was subject to the discretion of the surrogate, and this court is not disposed to interfere with the discretion here exercised. The amount paid for services in conducting transfer tax proceedings was properly disallowed. Such